**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**

IN RE: QUINCEY DEON SHERMAN
AKA QUINCY DEON SHERMAN

CASE NO. 21-11978- SDM

DEBTOR

CHAPTER 13

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY (REAL PROPERTY)**

NOW INTO COURT, through undersigned counsel, comes NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for U.S. Bank National Association, not in its individual capacity but solely as Trustee of the NRZ Pass- Through Trust VII-B ("Movant"), hereby moves this Court, pursuant to 11 U.S.C. § 362 and § 1301, for relief from the automatic stay and co-debtor stay with respect to certain real property of the Debtor(s) having an address of **117 Warren Dr., Starkville, MS 39759** (the "Property"). In further support of this Motion, Movant respectfully states:

1.

This court has jurisdiction to grant the relief sought herein pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362, and 11 U.S.C. § 554(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

2.

A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor(s) on October 20, 2021.

3.

The Debtor, Quincey Deon Sherman, is obligated with respect to that certain promissory note in the original principal amount of $191,790.00 (the "Note"). The Note is set to mature on

May 4, 2037. A copy of the Note is attached hereto as Exhibit 1. Movant is an entity entitled to enforce the Note.

4.

As evidenced by the assignments, endorsements, and/or allonges attached to the Note, the Note was transferred to Movant as follows: The Promissory Note was made payable to Jim Walter Homes Inc., but was subsequently indorsed to Walter Mortgage Company, who further indorsed the Note to Walter Investment Management Corp., who subsequently indorsed the Note to Movant. See Exhibit 1 hereto.

5.

Pursuant to that certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property. The lien created by the Mortgage was perfected by recording of the Mortgage in the office of the Oktibbeha County Clerk of Court on June 15, 2007, Mortgage Book 2007, Pages 12050. A copy of the recorded Mortgage contains a more fully described property description and is attached hereto as Exhibit 2.

6.

Debtor(s) executed a promissory note secured by a mortgage or deed of trust. The promissory note is either made payable to Movant or has been duly indorsed. Movant, directly or through an agent, has possession of the promissory note. Movant is the original mortgagee or beneficiary or the assignee of the mortgage or deed of trust.

7.

All rights and remedies under the Mortgage have been assigned to the Movant, pursuant to that certain assignment of mortgage, a copy of which is attached hereto as Exhibit 3.

8.

In the event the automatic stay and co-debtor stay in this case is/are modified, this case dismisses, and/or the Debtor(s) obtain(s) a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Movant. Movant, directly or through an agent, has possession of the Note. The Note is either made payable to Movant or has been duly endorsed.

9.

A Chapter 13 Plan was confirmed on February 4, 2022 (Dkt. #15). Under the confirmed Plan, Movant is to receive payments directly from the Debtor(s) of $751.01 per month.

10.

As of **October 5, 2026**, the Debtor has defaulted on his Chapter 13 Plan by failing to make the monthly payments when due directly to Movant. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor(s):

| **Number of Missed Payments** | **From** | **To** | **Monthly Payment Amount** | **Total Missed Payments** |
|---|---|---|---|---|
| 10 | 09/05/2024 | 06/05/2025 | $532.83 | $5,328.30 |
| 6 | 07/05/2025 | 12/05/2025 | $676.67 | $4,060.02 |
| 6 | 01/05/2026 | 06/05/2026 | $752.52 | $4,515.12 |
| 2 | 07/05/2026 | 08/05/2026 | $768.69 | $1,537.38 |
| 2 | 09/05/2026 | 10/05/2026 | $578.50 | $1,157.00 |
| Less post-petition partial payments (suspense balance): | | | | ($430.84) |

**Total: $16,166.98**

11.

As of October 5, 2026, the outstanding Obligations due on the Note are set forth below:

| | |
|---|---|
| Unpaid Principal Balance | $52,191.76 |

| | |
|---|---|
| Unpaid, Accrued Interest | $10,090.55 |
| Funds Owed by Borrower | $4,615.91 |
| Suspense Balance | ($668.77) |
| Minimum Outstanding Obligations | $66,229.45 |

0.

The estimated value of the Property is $100,000.00. The basis for such valuation is the Debtor's filed Schedule A/B. The Debtor(s) has/have claimed a $42,594.81 property exemption according to the Debtor(s) filed Schedule C.

1.

A post-petition payment history is attached hereto as Exhibit 4.

2.

Additionally, Movant is entitled to relief from the Co-Debtor Stay provided by 11 U.S.C. § 1301, to the extent of the debtor's non-filing cosigner, KIZZY SHERMAN, deemed the Co-Debtor for the purposes of this bankruptcy proceeding.

16.

Under Section 362(g), it is Debtors' burden to prove that there is no "cause" to grant Movant relief from the stay.

17.

The post-petition delinquency of the Debtor(s) account represents a material default under the terms of the confirmed Chapter 13 plan constituting cause and providing a basis for relief from the automatic stay pursuant to the provisions of 11 U.S.C.A. § 362 (d) (1) of the United States Bankruptcy Code.

18.

For the foregoing reasons, Movant seeks an order terminating the stay.

WHEREFORE, Movant prays that this Court issue an Order terminating the automatic stay and co-debtor stay provided for by 11 U.S.C. 362(a) and granting the following:

I. Relief from the stay and co-debtor stay for all purposes allowed by law, the Note, the Mortgage, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property;

II. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

III. That the 14-day stay described by Bankruptcy Rule 4001(a)(4) be waived;

IV. For reasonable attorney's fees and costs for the bringing of this Motion as provided for in said note and mortgage in the amount of $699.00;

V. For such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED, this the 4th of November, 2026.

LAW OFFICES OF HERSCHEL C. ADCOCK, JR.

BY: /S/ *Robert Lomenick*
ROBERT LOMENICK, MSB #104186
P. O. BOX 87379
BATON ROUGE, LA 70879-8379
PHONE: (225) 756-0373
RLOMENICK@HCA.LAW OUR
FILE NO. MS 55113.B
ATTORNEY FOR MOVANT

## CERTIFICATE OF SERVICE

I, Robert Lomenick, Attorney for Movant, do hereby certify that I have this day mailed, via electronic delivery or postage prepaid, a true and correct copy of the foregoing Motion for Relief from Automatic Stay and Co-debtor stay, and Abandonment of Property to:

Quincey Deon Sherman
aka Quincy Deon Sherman
604 S. Montgomery St.; Apt. 2
Starkville, MS 39759

Kizzy Sherman
117 Warren Dr.
Starkville, MS 39759

Thomas C. Rollins, Jr.
P.O. Box 13767
Jackson, MS 39236
Attorney for Debtor(s)
trollins@therollinsfirm.com
*via ECF*

Todd. S. Johns
Chapter 13 Trustee
P.O. Box 1326
Brandon, MS 39043
*Via ECF*

U.S. Trustee
501 East Court St., Suite 6-430
Jackson, MS 39201
*Via ECF*

This the 29th Day of November, 2026.

***/s/Robert Lomenick***

**ROBERT LOMENICK**