**EXHIBIT 1**

SHERMAN QUINCY

# MISSISSIPPI -- JIM WALTER HOMES -- PROMISSORY NOTE

$ 191,790.00 MAY 04, 2007

For value received, I, we, or either of us, promise to pay to the order of JIM WALTER HOMES, INC., at the office of said payee, P.O. Box 31601, Tampa, Florida 33631-3601, or at such other place as the holder hereof may designate in writing, the sum of One Hundred Ninety-one Thousand Seven Hundred Ninety and Xx / 100 Dollars ($ 191,790.00 ) in 360 equal monthly installments of Five Hundred Thirty-two and 75 / 100 Dollars ($ 532.75 ) each, the first installment to become due and payable on the "Payment Commencement Date" as set forth in the completion notice to be mailed or delivered by Jim Walter Homes, Inc., to the undersigned upon "release" (as that term is defined in the Limited Warranty) of the House by Jim Walter Homes, Inc., and one installment to become due on the same day of each succeeding month until payment in full. If not sooner paid, the entire outstanding indebtedness shall be due and payable 360 months from the Payment Commencement Date.

It is agreed that time is of the essence of this note and that in the event of default in payment of any installment, or in the event of default of any of the terms and conditions contained in that certain deed of trust of even date herewith securing the payment hereof, for a period of thirty days, the holder of this note may, at its option, after first deducting therefrom all precomputed but unearned Finance Charges, declare all of the remainder of said debt immediately due and collectible and any failure to exercise said option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default or defaults.

In the event of such acceleration, the undersigned shall receive a credit for any unearned Finance Charge. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method. In the event of default in payment of this note and if the same is placed in the hands of an attorney for collection, I, we, or either of us, agree to pay all costs of such collection, including, but not limited to, a reasonable attorney's fee for the services of counsel employed after maturity or default to collect this note or any portion of the indebtedness herein described.

I, we, and each of us, whether principal, surety, guarantor, endorser or other party hereto, agree to be jointly and severally bound. I, or we, each further waive demand, protest and notice of demand, protest, and non-payment and waive all claim to any exemption of homestead under the constitution or laws of any state on this debt.

For each installment not paid in full within fifteen (15) days of its scheduled due date, the undersigned shall pay to the holder of this note a late charge of five dollars ($5.00) or four percent (4%) of the unpaid portion of the installment in default, whichever is greater.

The undersigned may pay in advance the unpaid balance hereof and shall be entitled to receive a credit for the unearned Finance Charge. Unless prohibited by applicable state law, such credit shall be computed pursuant to the Actuarial Method.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

WITNESS My signature on the day and date hereinabove written.

This note may not be changed orally, but only by an agreement in writing signed by the party against whom enforcement by waiver, change, modification or discharge is sought.

QUINCY SHERMAN

KIZZY SHERMAN

# ALLONGE

Account Name: **QUINCY SHERMAN**

Account Number:

State: MS

Pay to the order of Walter Mortgage Company without recourse.

**Jim Walter Homes, Inc.**

Vice President

**Trust: 000**

# ALLONGE

Account Name: QUINCY SHERMAN

Account Number:

State: MS

Pay to the order of Walter Investment Management Corp. without recourse.

**Walter Mortgage Company, L.L.C.**

Executive Vice President

**Trust:** 000

**ALLONGE**

Account #

Account Name: QUINCY SHERMAN

Pay to the order of ______________________________ without recourse.

Walter Investment Management Corp.

______________________________

Joe Kelly, Vice President

# ALLONGE

Account Name: QUINCY SHERMAN
Account #:

State: MS

Pay to the order of Walter Mortgage Company
without recourse
**Jim Walter Homes, Inc.**

______________________________
Vice President

Pay to the order of Mid-State Trust XIV, by and through Wilmington Trust Company, not in its individual capacity but solely as Owner Trustee of the trust.
without recourse

**Walter Mortgage Company**

______________________________
Executive Vice President

Pay to the order of The Bank of New York,
without recourse

Mid-State Trust XIV, by and through Wilmington Trust Company, not in its individual capacity but solely as Owner Trustee of Mid-State Trust XIV.
By: Jim Walter Homes, Inc., its Attorney - in-Fact

______________________________
Vice President

**Jim Walter Homes, Inc.**

# ESCROW ACCOUNT DESIGNATION FORM

Buyer acknowledges that Seller has the right, but not the obligation, to require an escrow account for the payment of taxes, insurance and other assessments (the "Escrow Items") on Buyer's behalf. As a condition of the Financing Agreement executed herewith, Seller designates Buyer's escrow responsibility as follows:

Required:

[ ] Buyer is required to participate in the escrow account program. Buyer acknowledges and agrees that Buyer will be required to make a monthly escrow payment for a pro rated share of Buyer's estimated Escrow Items in addition to Buyer's monthly installment payment for the House. The initial estimated escrow portion of your monthly payment will be $__________ for taxes and insurance. Following Tender, Buyer will be provided an Initial Escrow Account Disclosure Statement showing Buyer's estimated monthly escrow payment amount.

Waived:

[X] Seller hereby waives the requirement for Buyer to participate in the escrow account program. Buyer acknowledges and agrees that Buyer will be responsible for the payment of Escrow Items directly. Buyer also agrees to provide proof of payment to Seller after each such payment is made. Should Buyer fail to make any required payment on an Escrow Item directly causing a delinquency in taxes or lapse of insurance coverage or other payment default, or for any other reason in Seller's sole discretion, Seller may revoke this waiver. Upon notice of revocation, Buyer will immediately be placed into the escrow account program requiring the escrow of funds for all Escrow Items.

Elected:

[ ] Buyer hereby elects to participate in the escrow account program for the collection and payment of Buyer's Escrow Items. Buyer acknowledges and agrees that Buyer will be required to make a monthly escrow payment for a pro rated share of Buyer's estimated Escrow Items in addition to Buyer's monthly installment payment for the House. The initial estimated escrow portion of your monthly payment will be $__________ for taxes and insurance. Following Tender, Buyer will be provided an Initial Escrow Account Disclosure Statement showing Buyer's estimated monthly escrow payment amount.

For accounts requiring or electing escrow, a preliminary tax and insurance deposit will not be required at the time of Tender, or release, of the House to Buyer. However, if the payment of taxes and/or insurance premiums for Buyer's property are due in less than twelve (12) months from the date of the Buyer's first payment, adequate funds may not be available in the escrow account for payment of those items. In accordance with the aggregate escrow accounting rules, an initial escrow analysis for the next twelve (12) months will be performed on Buyer's account and Buyer will receive an Initial Escrow Account Disclosure Statement. This analysis may determine there may be a deficiency or shortage of funds in the escrow account and an increase in the monthly escrow deposit for the following year. This information is provided so Buyer may prepare for a potential deficiency or shortage in Buyer's escrow account and the related increase in the monthly escrow payment amount. At any time Buyer may, at Buyer's option, make an additional escrow account deposit to minimize or eliminate the deficiency or shortage.

By signing below, Buyer acknowledges that Buyer understands the escrow requirements for this transaction, and further understands how a deficiency or shortage in the escrow account could occur and the actions Buyer can take to cure the deficiency/shortage.

Accepted and Agreed on the 4 th day of MAY, 20 07.

MAY 18 2007

[signature]
QUINCY SHERMAN

[signature]
KIZZY SHERMAN